IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        CRIMINAL ACTION NO. 2:20-cr-00036

ANTOINE ELTORIO TERRY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)* (Document 32). Therein, the Defendant asserts that he suffers serious health conditions and would be at risk of severe complications should he contract COVID-19. The United States did not file a response.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons

1

warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

Before a court grants compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), it must determine both that "there are extraordinary and compelling reasons to reduce the defendant's sentence" and "consider the sentencing factors of 18 U.S.C. § 3553(a) to determine whether modifying or imposing a new sentence is appropriate." *United States v. Payne*, No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation). The analysis requires fact-specific inquiry into the defendant's circumstances and offense.

The Fourth Circuit recently addressed the scope of relief available under § 3582(c)(1)(A), concluding that courts may make an individualized determination about whether "extraordinary and compelling" reasons for release exist pending the adoption of an "applicable policy statement" by the Sentencing Commission, with which reductions must be "consistent." *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *1, *9 (4th Cir. Dec. 2, 2020). "[U]nder the statute, a defendant becomes *eligible* for relief only if the court finds that a reduction is both (1) warranted by 'extraordinary and compelling reasons' and (2) 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. High*, 997 F.3d 181, 186 (4th Cir. May 7, 2021). With respect to COVID-19, the Fourth Circuit reasoned that a combination of allegations that the risk of contracting the illness is higher in prison than in the community, and

2

that the inmate has preexisting medical conditions that increase the risk of serious or fatal illness could state a compelling case. *Id.* at 185 (further noting that an inmate could also present a strong case if she contracted COVID-19, the prison was unable to address the condition, and there were "circumstances calling for compassion"). Even if a defendant demonstrates extraordinary and compelling reasons for a sentence reduction, the motion could be denied based on the court's consideration of the § 3553(a) sentencing factors. *Id.* at 186-87 (holding that a district court's denial of a motion based on analysis of § 3553(a) factors, without addressing the asserted extraordinary and compelling reasons supporting release, contained adequate reasoning to support the decision).

Mr. Terry asserts that he sought relief from the BOP and has received no response in over thirty days.[1] He states that he suffers high blood pressure, heart murmur, hernia, chronic skin disability, and chronic uveitis, which is inflamed by outdoor sunlight exposure. He contends that his underlying conditions place him at increased risk of serious complications should he contract COVID-19. In addition, he argues that he presents no danger to the public, has sought rehabilitative and educational programs whenever they are available, and maintains strong family ties that would assist him with housing and employment should he be released.

The Bureau of Prisons Inmate Finder tool indicates that Mr. Terry is located at Hazelton FCI, with an anticipated release date of March 27, 2027. The Court imposed Mr. Terry's sentence of 120 months of incarceration on October 15, 2020. That sentence represented a substantial downward variance from the Guideline range of 262 to 327 months. The evidence at sentencing indicated that Mr. Terry had conspired with others to obtain a large drug shipment that included

---

1 Mr. Terry filed a previous motion prior to exhausting administrative remedies. It was denied on that basis without further consideration of the merits.

3

approximately 120 pounds of methamphetamine and 13 pounds of cocaine. His interest was limited to the cocaine, and there was no evidence that he was aware of the type or quantity of other drugs, though the Court found that he understood that his drugs were part of a larger shipment with other purchasers and coordinated with those purchasers to bring the shipment to Ohio. Based on his role in the offense, his criminal history, the absence of prior lengthy periods of incarceration, and the parties' plea agreement setting forth a lower proposed Guideline range, the Court found the downward variance appropriate. However, his offense was quite serious and warranted a substantial sentence, and the Court carefully considered his sentence in the context of the sentences imposed as to the other defendants involved in the same conspiracy, as well as his individual characteristics.

Mr. Terry has asserted that he has health conditions that could lead to complications should he contract COVID-19. He does not indicate that FCI-Hazelton is currently experiencing significant spread of COVID-19. The Court notes that the Bureau of Prisons' Coronavirus information page indicates that there are 84 current active cases among all federal inmates, with zero active inmate cases in FCI Hazelton, and that a total of 189,410 doses of the COVID-19 vaccine have been administered within the federal prison system. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed June 9, 2021). The Court finds that he has not established extraordinary and compelling reasons supporting a sentence reduction.

Even if Mr. Terry could establish such extraordinary and compelling reasons, however, the § 3553(a) factors would weigh against granting early release. He has approximately six years remaining on his ten-year sentence. Although lengthy, that sentence already represented a

4

substantial downward variance, and the Court fully explained the reasons for both the calculated Guideline range and the sentence imposed. That reasoning continues to support the sentence as imposed.[2] Therefore, the Court finds that the motion for compassionate release should be denied.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's pro-se *Motion for Reduced Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)* (Document 32) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: June 10, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[2] In addition, Mr. Terry was sentenced in October 2020, near the height of the pandemic. His circumstances have not changed since the time of sentencing.