IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 CRIMINAL ACTION NO. 2:20-cr-00036

ANTOINE ELTORIO TERRY,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

The Court has reviewed the Defendant's *Motion for Sentence Reduction* (Document 52), brought pursuant to 18 U.S.C. §3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February

1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

Finding that the Defendant is ineligible for relief, the Court has not appointed counsel or directed the parties to submit responses. By guilty plea, the Defendant was convicted of conspiracy to distribute 500 grams or more of a mixture or substance containing cocaine. He pled to an Information in Criminal Action No. 2:20-cr-36, in return for dismissal of the charge against him contained in an indictment in Criminal Action No. 2:18-cr-225. On October 15, 2020, the Court imposed a sentence of 120 months of imprisonment, to be followed by 4 years of supervised release. The Court calculated a Guideline range of 262 to 327 months, based on a total offense level of 36 and a criminal history category of IV. The Defendant had five criminal history points, and two additional points were added because the offense was committed while under a criminal justice sentence.

Following implementation of Amendment 821, the Defendant would not receive the two additional status points. His five criminal history points would result in a criminal history category of III. Based on a total offense level of 36 and a criminal history category of III, his Guideline range would be 235 to 293 months. His 120 months sentence remains well below the bottom of the updated Guideline range. Therefore, the Court finds that the Defendant is not eligible for relief.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion for Sentence Reduction* (Document 52) be **DENIED**, that any relief pursuant to Title 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on October 15, 2020

remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: January 17, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA